*Northern District*

No. 5007

## UNIVERSAL TIME PLAN, INC.
### v.
## BERNARD PISCOPO, et al

(January 22, 1957)

*Brooks, J.* This is an action of contract for the balance due on a promissory note amounting to $529.31 alleged to be due from defendant who purchased an automobile from a dealer under a conditional sale contract which, with the accompanying note, was assigned by the dealer to plaintiff for $670, the face of the note calling for $1046. Defendant's answer was general denial, payment, illegality and other defenses not now material.

Defendant paid only $46.30 before defaulting on remaining payments, whereupon plaintiff repossessed the automobile and sold it for $520. Plaintiff incurred costs of $15 to repossess the automobile and $14.60 for repairs. On cancellation of the insurance, there was a rebate of $70.91.

The conditional sales contract annexed to the report contain the following figures:

| | |
|---|---|
| Cash selling price | $895 |
| Cash down payment | 225 |
| Unpaid balance of cash price | $670 |
| Total finance charges | $376 |
| Net balance due | $1046 |

The plaintiff and the defendant filed the requests for rulings which, with the court's action, are as follows:

## PLAINTIFF'S REQUESTS FOR RULINGS

1. On all of the evidence, the plaintiff is entitled to recover for the reasons that:

 a. The introduction and admission in evidence of the note declared upon made out a prima facie case for the plaintiff. *Allowed.*

 b. The evidence is insufficient to warrant a finding that the plaintiff's prima facie case has been rebutted. *Denied. There was sufficient evidence to warrant the rebuttal of plaintiff's prima facie case in part.*

 c. The burden of proof of payment is on the defendants. *Allowed.*

 d. The defendants are entitled to a credit against the note of only such payments as were made, plus the proceeds derived from the sale of the automobile, after deducting the reasonable expense of repossession and sale. *Denied. Defendants entitled also to credit of illegal interest and charges as set forth in Chapter 140, Section 90, as note was attached to Conditional Bill of Sale and made part thereof. The illegal charge of interest and attorney fees were apparent on the face of the instrument.*

2. The evidence is insufficient to warrant a finding that the plaintiff is not a holder in due course of the note declared upon. *Allowed.*

3. The fact that there was a conditional sales contract attached to the note, does not effect its negotiability. *Allowed.*

4. The fact that there was a conditional sales contract attached to the note, will not, in and of itself, as a matter of law, preclude the plaintiff from being a holder in due course. *Allowed.*

5. If the court should find that the plaintiff was a holder in due course of the note declared upon, then it matters not that the plaintiff paid the payee to the instrument a sum less than the face amount thereof. The plaintiff

would be entitled to recover the face amount of the note, after crediting the defendants with all payments made and the proceeds derived from the sale of the automobile that was repossessed, after deducting from such proceeds, the reasonable expense of repossession and sale. *Denied. Defendants entitled also to credits as per findings request No. 1 (d).*

6. In determining the credit to be given to the defendants from the proceeds derived from the sale, following its repossession, the court, as a matter of law, in the instant case, cannot challenge the amount claimed by the plaintiff to have been received by it in the sale of the car; it can only challenge the question of the reasonableness of the charge made by the plaintiff for the expense it incurred in the repossession and sale of the automobile. *Allowed.*

7. Should the court find that the charge made for the expense incurred in the repossession and sale of the automobile was unreasonable, then such finding cannot, in and of itself, as a matter of law, invalidate the conditional sales contract. *Allowed.*

8. Should the court find that the charge made for the expense incurred in the repossession and sale of the automobile was unreasonable, then such finding cannot, in and of itself, as a matter of law, invalidate the note declared upon. *Allowed.*

9. The mere fact that the plaintiff paid only six hundred seventy dollars ($670) for the note, cannot, in and of itself, as a matter of law, effect the plaintiff's rights as a holder in due course. *Allowed.*

10. If the plaintiff is a holder in due course of the note declared upon, then the mere fact that the plaintiff paid only six hundred seventy dollars ($670) therefor, will not preclude the plaintiff from recovering the balance due on the note after crediting the defendants with all payments made and the proceeds derived from the sale of the automobile, after deducting the reasonable expense of repossession and sale. *Denied. Defendants entitled also to credits as per findings in request No. 1 (d).*

## DEFENDANT'S REQUESTS FOR RULINGS

1. The loan by the plaintiff to the defendants of $670.00 is governed by Mass. Gen. Laws, Chapter 140, Sec. 90. *Allowed.*

2. The maximum legal rate of interest permissible on the loan from the plaintiff to the defendants is 18% on the balance of the principal amount up to the time of the verdict or finding. *Allowed.*

3. If the attorney's fee called for in a loan of less than $1000.00 renders the charges for the loan greater than the 18% rate of interest permitted by law, the attorney's fee cannot be recovered.

4. The finance charges of $376.00 on the $670.00 loan from the plaintiff to the defendant, are above the legal rate of interest permitted by law. *Allowed.*

The court also made the following findings and rulings:

"FINDINGS OF FACT AND DAMAGES"

"The court finds the following facts and allows the following damages:

| | |
|---|---|
| Total due without finance on date of contract 3/9/55 | $670.00 |
| 6 months maximum interest on total balance due at 18% under Chap. 140, Sec. 90. Interest from 3/9/55 to Sept. 9, 1955 | 56.13 |
| | $726.13 |
| Less payment on 4/18/55 | 46.30 |
| | $679.83 |
| Credit for proceeds of sale of car on 8/16/55 | 520.00 |
| | $159.83 |
| Credit for insurance rebate | 70.91 |
| | $ 88.92 |

18% interest from Sept. 9, 1955,

to Feb. 24, 1956 — date of finding .... 7.07

$ 95.99
Add Statutory expense of loan ........ 5.00

$100.99
Add Repossession fee ................ 15.00

$115.99

"The court has disallowed the sum of $14.60 for repairs since there was no testimony introduced as to what repairs were made or as to the reasonableness of the same. Attorney fees are disallowed as it would bring the total charges over the 18% allowed by law."

The plaintiff claims to be aggrieved by the court's denial of its requests for rulings No. 1 (b), No. 1 (d), No. 5 and No. 10 and being further aggrieved by the court's granting of the defendants' requests for rulings No. 1, No. 3 and No. 4.

The sole question at issue is whether the transaction before us comes within G. L. c. 140, §90. Plaintiff contends that it is not a loan subject to the usury laws and therefore that plaintiff is entitled to recover the sum of $443.81. Defendant contends that the transaction is a loan within the meaning of c. 140, §90.

The pertinent sections of Chapter 140 are §§90, 95 and 96. §90, so far as material, provide in essence that one who makes a loan under $1000 may not recover interest at a rate exceeding 18% per annum.

§95 provides that §90 and four subsequent sections, not here material, shall not apply to loans of $300 or less made by a person who holds a license under Section 96 and subsequent sections, not here material.

§96 provides that no person shall make loans of $300 or less on which interest and expenses exceed 12% per annum without a license from the commissioner of banks. The section goes on to say: "The

buying or endorsing of notes or the furnishing of guarantee or security for compensation shall be considered to be engaging in the business of making small loans within said sections, but the foregoing provisions of this sentence shall not apply in the case of any transaction which involves any note or other instrument evidencing the indebtedness of a buyer to the seller of goods, services or insurance for a part or all of the purchase price."

Prior to 1941, §96 did not contain the provision excluding from its scope "any transaction which involves any note or other instrument evidencing the indebtedness of a buyer to the seller of goods, services or insurance for a part or all of the purchase price." Prior to the amendment, the court in *Modern Finance Co. v. Holz*, 307 Mass. 281 held that §96 applied not only to small loans as such, but to time sales financing, in view of the words: "The buying or endorsing of notes or the furnishing of guarantee or security for compensation shall be considered to be engaged in the business of making small loans within said sections."

Plaintiff endeavors to carry over into §90 the court's interpretation of §96, prior to the amendment. There is no justification for doing that without also carrying over the latter part of the sentence, exempting automobile financing. If that were done, then clearly the transaction before us would be exempted from §90.

§90, however, by itself contains no such language as does §96, namely, "The buying or endorsing of notes, etc." §96 specifically limits the above language to small loans within §§96 to 113, which is not the amount involved here.

It cannot fairly be said that time sales financing is the same thing as a loan particularly the kind of loan which the legislature was attempting to control. The additional language in §96 proves that. If there is any doubt as to the meaning of the statute in this

respect, it should be construed in favor of the person whose legal rights are being thereby restricted, namely plaintiff. §90, however, does not on its face have any ambiguity. If §96 had to be amplified to include time sales financing, as it did, §90 would also have to be amplified for the same purpose.

If the transaction before us does not come within §90, and we think it does not for the reasons stated, the trial court was in error in so holding.

Judgment is to be vacated and judgment entered in favor of plaintiff for $423.79.

Shair and Gorfinkle, for the plaintiff.

Solomon Romanow, for the defendants.